In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of JACOB H. SIELBERMAN, Respondent, Attorney and Counselor at Law.

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of RAYMOND DAVIS, Respondent, Attorney and Counselor at Law.

Second Department, April 9, 1937.

*Edward H. Wilson,* for the motion.

No appearance in opposition.

PER CURIAM. The respondents, partners in the practice of the law, were first charged with: (a) subornation of perjury, and (b) neglect of a client's interest, after having received a fee of $240. The official referee recommended that the first charge should be dismissed, and that on the second charge respondent Sielberman be suspended for one year and respondent Davis for two years. After a motion had been made in connection with the official referee's report, a motion by the Bar Association was made to amend the petition by adding further charges. The motion papers were served upon the attorney for respondents. The motion to amend the petition was granted, and the further charges were referred to the same official referee. In view of the order amending the petition, the report of the official referee on the original petition was directed to be considered together with the report of the official referee on the amendment. The new charges consisted of embezzlements by respondents of their clients' funds, and willful neglect

to prosecute actions for clients. Respondents failed to answer the additional charges and to appear before the official referee thereon. The official referee reports that respondents have abandoned their law office and have disappeared. The Supreme Court has appointed a custodian and a receiver to protect the rights of their clients.

The official referee recommended dismissal of the charge of subornation of perjury because of his unwillingness to accredit the testimony of self-confessed perjurers, who had testified that they had been coached to give testimony contrary to the facts in a negligence action. There is, however, a silent witness, a creature of the respondents, which supports the testimony of those unreliable witnesses. Respondents had prepared a diagram which plainly shows that the accident involved in the negligence suit did not happen as the respondents represented to the court it did happen. This proof, with the testimony of the witnesses, indicates that the case was " fixed " by respondents, and that a large verdict was obtained against defendants and paid, as a result of corrupt practices on the part of respondents. The respondents are guilty of this charge, and their usefulness at the bar is at an end.

As to the second of the first charges, it appears that after the filing of the official referee's report the money was returned to respondents' client. That charge may be disregarded.

On the second group of charges, the official referee has found respondents guilty of swindling and stealing, and recommends disbarment. That part of the official referee's report is confirmed. The finding is justified by the facts. They were also guilty of gross neglect of retainers.

Guilt of subornation of perjury, or of the second group of charges, either alone, warrants disbarment of respondents.

The respondents should be disbarred and their names ordered to be struck from the roll of attorneys.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and CLOSE, JJ.

Respondents disbarred and their names ordered to be struck from the roll of attorneys.